IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| ) | C/A No. 2:09-1367-MBS |
| Marine Energy Systems Corporation, A ) | |
| South Carolina Corporation, ) | **OPINION AND ORDER** |
| ) | |
| Debtor. ) | |
| _____ ) | |
| | |
| William J. Gilliam, ) | |
| ) | Case No. 97-1929-JW |
| Appellant, ) | Chapter 7 |
| ) | Adversary No. 08-80017-JW |
| vs. ) | |
| ) | |
| W. Ryan Hovis, Trustee, Internal Revenue ) | |
| Service, South Carolina Department of ) | |
| Revenue, and Gilliam Exempt Family ) | |
| Trust, ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

Appellant William J. Gilliam, individually, filed for protection under Chapter 11 of the

Bankruptcy Code on July 8, 1996. In November 1997 Appellant attempted to carry back certain net

operating losses (NOLs) on an amended 1996 personal tax return in order to eliminate his 1993 tax

liability. The amended tax return was disallowed by the Internal Revenue Service (IRS), as was a

second amended return. The case was converted to a Chapter 7 liquidation on January 28, 1998.

Upon conversion to Chapter 7, the trustee for Appellant's Chapter 7 bankruptcy case declined to

carry back the NOLs, determining instead that the losses constituted a short term capital loss

(nonbusiness bad debt) that should be carried forward to subsequent years. The IRS and South

Carolina Department of Revenue (SCDOR) have filed proofs of claim against Appellant. The IRS

claim against Appellant is for unpaid income taxes for 1993 and 1995, a trust fund recovery penalty

for 1995, and pre-petition employment tax liabilities for 1994 through 1995. The IRS proof of claim is in the amount of $2,622,213.39.

Appellant was president and shareholder of Debtor Marine Energy Systems Corporation (MESC). MESC filed for protection under Chapter 11 of the Bankruptcy Code on March 4, 1997. The MESC action was converted to Chapter 7 on November 30, 1998. W. Ryan Hovis was appointed to serve as trustee. On March 14, 2004, the bankruptcy judge approved a settlement of Appellant and MESC's claims against an attorney and his law firm for the sum of $2.5 million. The bankruptcy judge determined that the Chapter 7 trustee would retain $100,000 of the settlement proceeds for the benefit of MESC's estate, if MESC was able to revive and fund a Chapter 11 plan. If the Chapter 11 plan was not funded, the Chapter 7 trustee was to disburse the $100,000 to Appellant. Ultimately, the Chapter 11 plan was not funded. The IRS and SCDOR served the Chapter 7 trustee with levies against the $100,000 for the tax debt they contend is owed by Appellant.

In May 2007, the IRS mistakenly filed certificates releasing the notices of federal tax liens for tax years 1993, 1995, and 1996. The IRS corrected the error in October 2007. The record contains no evidence that the IRS released tax liens, erroneously or otherwise, for the 1997 tax year or for the trust fund recovery penalty from 1995. The tax liability for the 1997 tax year and the trust fund recovery penalty for the period ending June 30, 1995 exceeded $275,000 by May 2007.

On August 22, 2007, Appellant and an attorney, purportedly representing Gilliam Exempt Family Trust (GEFT), executed a Loan and Security Agreement and UCC-1 Financing Statement in California. A revolving promissory note attached to the Loan and Security Agreement authorized GEFT to loan Appellant up to $500,000. Appellant contends that he received over $400,000

pursuant to the Loan and Security Agreement.

On or about February 11, 2008, the Chapter 7 trustee filed an adversary proceeding in bankruptcy court to determine the relative priority between the IRS and SCDOR to the funds held by the trustee for the benefit of Appellant. By consent, the IRS and SCDOR determined that the IRS's tax liens were entitled to priority over those of SCDOR. However, Appellant asserts that GEFT holds a priority position over the tax liens asserted by the IRS by virtue of the Loan and Security Agreement filed in California in August 2007, after a number of the federal tax liens were released but before the IRS corrected its error. Upon Appellant's motion, the bankruptcy judge joined GEFT as a party by order filed June 20, 2008. GEFT filed an answer to the adversary complaint but failed to engage in discovery.

The IRS filed a motion for summary judgment in bankruptcy court on January 5, 2009. GEFT did not respond in opposition to the motion. Appellant responded to the motion and disputed that the IRS has a valid lien or a lien that is otherwise senior to that asserted by GEFT. The matter came before the Honorable John E. Waites, United States Bankruptcy Judge, for a hearing on January 29, 2009. All parties were represented at the hearing. The bankruptcy court allowed some additional briefing and took the matter under advisement. On February 25, 2009, the bankruptcy judge made an oral order ruling in favor of the IRS. The bankruptcy judge issued a final order granting the IRS's motion for summary judgment on March 24, 2009. Appellant thereafter filed a notice of appeal to this court on or about April 3, 2009. The electronic docket was transferred from the bankruptcy court to this court on May 26, 2009, and entered May 26, 2009. Appellant filed his brief on June 17, 2009. The IRS filed a brief in opposition on July 9, 2009. Appellant filed a reply brief on July 24, 2009.

# I. DISCUSSION

## A.    Standard of Review

In reviewing the bankruptcy judge's decision on summary judgment, the court reviews findings of fact for clear error and conclusions of law de novo.  See Valley Historic Ltd. P'ship v. Bank of New York, 486 F.3d 831, 835 (4th Cir. 2007) (quoting Kielisch v. Educ. Credit Mgmt. Corp., 258 F.3d 315, 319 (4th Cir. 2001)).  Summary judgment in bankruptcy is governed by Fed.  Rule Bankr. P. 7056, which incorporates the standards of Fed. R. Civ. P. 56 into bankruptcy proceedings. United Rentals, Inc. v. Angell, 592 F.3d 525, 530 (4th Cir. 2010).  Thus, the court must view the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. Id. (citing EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405 (4th Cir.2005)).  Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Id. (quoting Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 300 (4th Cir.1998)).

## B.    The Bankruptcy Judge's Order

The bankruptcy judge determined that the IRS's tax liens attached to the proceeds held by the Chapter 7 trustee.  The bankruptcy judge noted that under 26 U.S.C. § 6321, a lien arises in favor of the United States and against the property and rights to property, whether real or personal, of any taxpayer who is liable to pay a tax and who neglects or refuses to do so.  Entry 6-24, 14.  The bankruptcy judge noted that the federal tax lien arises by operation of law at the time the liability is assessed and continues until the taxpayer's liability is satisfied.  Id. (citing 26 U.S.C. § 6322).  The bankruptcy judge further noted that a notice of tax lien is required to establish priority of the lien as to third parties; however, notice, filing, and recording are not required for the lien to be valid and

effective under §§ 6321 and 6322. Id. The bankruptcy judge determined that the IRS possessed a valid tax lien that attached to the $100,000 held by the Chapter 7 trustee for the benefit of Appellant. Accordingly, SCDOR having conceded the priority of the federal tax lien, the question before the bankruptcy court was whether the federal tax lien took priority over any lien asserted by GEFT by virtue of the $400,000 loan alleged to have been advanced Appellant by GEFT under the Loan and Security Agreement.

Appellant asserted that the IRS tax liens are invalid because the IRS failed to comply with the notice requirements of 26 U.S.C. §§ 6212 and 6303. As to § 6212, the bankruptcy judge determined that no notice was required. The bankruptcy judge noted that, although § 6212 generally requires the IRS to issue a notice of deficiency to a taxpayer before a tax deficiency can be assessed, no notice was required in this case because the unpaid tax was based upon the liability reflected in Appellant's own returns. Entry 6-24, 16 (citing 26 U.S.C. § 6211(a); Jones v. United States, 338 F.3d 463, 466 (5th Cir. 2002); and Perez v. United States, 312 F.3d 191, 196 (5th Cir. 2002), for the proposition that a notice of deficiency is required in those situations where the amount of tax imposed by the IRS exceeds the amount of tax shown by the taxpayer on his return). The bankruptcy judge also determined that Appellant was not entitled to receive a statutory notice of deficiency prior to the assessment of the trust fund recovery penalty against him pursuant to 26 U.S.C. § 6672. Id. (citing Boyton v. United States, 566 F.2d 50, 53 (9th Cir. 1977); Shaw v. United States, 331 F.2d 493, 494-95 (9th Cir. 1964); and Austin v. C.I.R., No. CV-F-05-027 REC, 2005 WL 1324711, at *1 (E.D. Cal. Apr. 26, 2005), for the proposition that Title 26 contains no provisions requiring § 6672 taxes be subject to notice of deficiency procedures)).

With respect to § 6303, the bankruptcy judge found that evidence in the record supported a

finding that statutory notices of balance due were provided on the respective assessment dates for 1993, 1995, 1997, and the trust fund recovery penalty for 1995. The bankruptcy judge determined that the IRS had provided sufficient proof of valid assessments and that notice of the assessment and demand for payment had been made. Entry 6-24, 17. The bankruptcy judge concluded that the record as a whole demonstrates that the IRS complied with the requirements of § 6303. The bankruptcy judge also concluded that the IRS was not barred by the statute of limitations on collections because the collection deadline is suspended by Appellant's bankruptcy filing. Entry 6-24, 18 (citing 26 U.S.C. §§ 6502(a), § 6503(h)).

The bankruptcy judge further noted that Appellant has attacked the validity of the IRS liens in various forums without success. The bankruptcy judge determined that Appellant is precluded from contesting the validity of the tax liens at this stage of the proceedings. The bankruptcy judge noted that Appellant has raised issues regarding notice and the statute of limitations in other proceedings, and that Appellant also has attempted to invalidate the tax liens through multiple pleadings in the South Carolina bankruptcy court, bankruptcy cases in other courts, and an administrative proceeding before the IRS. The bankruptcy judge concluded that res judicata applies to Appellant's challenges to the validity of the tax liens. Id. at 19-20.

The bankruptcy judge next concluded that the federal tax lien has priority over GEFT's claim. First, the bankruptcy judge noted that GEFT failed to respond in opposition to the IRS's motion for summary judgment or otherwise contest the relief sought by the IRS. Second the bankruptcy judge determined that the IRS proffered sufficient evidence to establish its right to judgment. The bankruptcy judge noted that the priority of a federal tax lien is a matter governed by federal rather than state law. Id. (citing Aquilino v. United States, 363 U.S. 509, 514 (1960)). The bankruptcy

judge further noted that the priority of the federal tax lien provided by § 6321 as against liens created under state law is governed by the common law rule of "the first in time is the first in right." Id. (quoting United States v. Pioneer American Ins. Co., 374 U.S. 84, 87 (1963)). According to the bankruptcy judge:

> "It is critical, therefore, to determine when competing liens, whether federal- or state-created, come into existence or become valid for the purpose of the rule." [quoting Pioneer American, 374 U.S. at 87)]. In making that determination, the priority of a state-created lien "depends 'on the time it attached to the property in question and became choate.'" [quoting Pioneer American, 374 U.S. at 88)]. A state-created lien becomes choate, and is entitled to priority over a subsequent tax lien, "when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." [quoting United States v. New Britain, 347 U.S. 81, 84-86 (1954)].

Entry 6-24, 22.

The bankruptcy judge determined that, under this standard, GEFT would be entitled to priority over the IRS's tax liens only if GEFT acquired a choate lien against the $100,000 at issue prior to the date the federal tax liens attached to those funds. The bankruptcy judge noted that no party had raised a genuine issue of material fact as to the priority of the IRS liens associated with the 1995 trust fund recovery penalty tax and the 1997 taxes. Thus, according to the bankruptcy judge, even if the IRS erroneously released its liens as to the 1993, 1995, and 1996 taxes, and even if the Loan and Security Agreement validly represents a choate lien, the federal tax liens appertaining to the 1995 trust fund recovery penalty tax and 1997 income taxes exceeded the $100,000 currently held by the Chapter 7 trustee for the benefit of Appellant. Therefore, the IRS liens associated with the 1997 trust fund recovery penalty tax and the 1997 taxes would have priority over the entire $100,000, because these tax liens were "first in time." The bankruptcy judge granted summary judgment in favor of the IRS based upon these two tax assessments. Id.

As to the remaining tax years, he bankruptcy judge also found that GEFT failed to provide any accounting of its purported lien, and that the amount of the lien had not been established by competent evidence. The bankruptcy court concluded, therefore, that GEFT had failed to demonstrate that its lien is entitled to priority under § 6323(a) with respect to the IRS's tax liens for the years 1993, 1995, and 1996. Rather, the bankruptcy court determined that the IRS possesses priority in the disputed funds based upon the "silent liens" that arose upon assessment of Appellant's taxes pursuant to § 6321. Entry 6-24, 23 (citing United States v. Rogers, 558 F. Supp. 2d 774, 788-92 (S.D. Ohio 2008) (the release and subsequent reinstatement of a notice of tax lien does not impact the IRS's lien under § 6321, but only its priority with certain creditors protected under § 6323(a)).

The bankruptcy judge also determined that GEFT had not made the requisite showing that it possesses a security interest in the $100,000 held by the Chapter 7 trustee. The bankruptcy judge noted that (1) although the Loan and Security Agreement provided that all payments to Appellant would be memorialized and endorsed on an Advanced Principal Grid, GEFT produced no such grid; (2) GEFT and Appellant failed to establish that the attorney involved in executing the Loan and Security Agreement was authorized to do so by GEFT; (3) GEFT and Appellant failed to show that money actually was advanced to Appellant; (4) there was no showing of the source of the purported loans; (5) there was no showing that the purported loans were permissible under the GEFT Trust Agreement; and (6) GEFT and Appellant failed to demonstrate that GEFT held an enforceable security interest under either South Carolina or California law. Entry 6-24, 24-25 & n.20.

The bankruptcy judge further determined that Appellant lacked standing to challenge the IRS's liens. In reaching this conclusion, the bankruptcy judge noted that Appellant suffered no injury in fact because the $100,000 at issue would be awarded to one of Appellant's two creditors.

8

Id. at 26 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). The bankruptcy judge further found that Appellant lacked standing to assert GEFT's claims and defenses, and he is required to assert his own legal rights and interests. Id. at 27 (citing Burke v. City of Charleston, 139 F.3d 401 (4th Cir. 1998)). The bankruptcy judge specifically noted that GEFT was represented by counsel and had the opportunity to assert its priority on its own behalf.

Finally, the bankruptcy judge held that Appellant's argument that the $100,000 funds held by the Chapter 7 trustee were exempt from levy under 26 U.S.C. § 6334 to be without merit.

C.    Appellant's Arguments

Appellant first contends that the bankruptcy judge committed clear error when making several findings of fact. Entry 15, 22-28. The court has carefully reviewed the record and finds the bankruptcy judge's factual findings to be accurate. The court therefore will turn to the substantive issues raised by Appellant.

Appellant asserts that the bankruptcy judge erred in finding that a notice of deficiency was not required for tax year 1997 pursuant to 26 U.S.C. § 6212(a), which provides:

> (a) In general.--If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

As the bankruptcy judge found, a notice of deficiency under § 6212(a) is not required where the unpaid tax is based upon the liability reflected on the taxpayer's own returns. See 26 U.S.C. § 6211(a) (generally defining a "deficiency" as the amount of tax imposed less any amount that may have been reported by the taxpayer on his return). Appellant contends that he filed an amended

return that wiped out the 1997 liability he self-reported and thus required the IRS to provide him with a notice of deficiency. Appellant raised this contention to the bankruptcy judge in a surreply brief in opposition to the IRS's motion for summary judgment. <u>See</u> Entry 6-23, 4; 54 (Exhibit - Form 1040X).

As an initial matter, the court notes that the Form 1040X referenced by Appellant is unsigned and is supported by no documentation. In addition, it is not clear whether the 1997 Form 1040X was accepted by the IRS. The record in this case and others previously before the court involving Appellant reveal that the IRS disallowed amended returns in which Appellant attempted to carry back certain net operating losses, and may have done so with respect to Appellant's 1997 Form 1040X. <u>See</u> Entry 10-11, 50 in C/A No. 2:09-0079-MBS (<u>In re William J. Gilliam</u>) (May 11, 2000 letter from IRS denying claim for adjustment to taxes). There being no competent evidence that the IRS accepted Appellant's 1997 Form 1040X, there is no foundation in the record to support a finding that the IRS was required to provide Appellant with a notice of deficiency pursuant to § 6212(a). Appellant's contention is without merit.

Appellant next asserts that the bankruptcy court erred by ignoring the requirement for notice pursuant to 26 U.S.C. § 6672(b) for the trust fund recovery penalty for 1996. Appellant initially argued before the bankruptcy court that he was entitled to a notice of deficiency pursuant to § 6672(b), which provides:

> No penalty shall be imposed under subsection (a) unless the Secretary notifies the taxpayer in writing by mail to an address as determined under section 6212(b) [26 USCS § 6212(b)] or in person that the taxpayer shall be subject to an assessment of such penalty... .
>
> The mailing of the notice described in paragraph (1) (or, in the case of such a notice delivered in person, such delivery) shall precede any notice and demand of any

penalty under subsection (a) by at least 60 days.

In his surreply brief to the IRS's motion for summary judgment, Appellant contended that he erroneously argued that he was entitled to a "notice of deficiency" rather than mere "notice." Regardless, as the bankruptcy judge determined, the IRS provided statutory notices of balances due regarding the 1993, 1995, and 1997 taxes and trust fund recovery penalty for 1995. See United States v. Bisbee, 245 F.3d 1001, 1006 (8th Cir. 2001) (holding that notices of pending assessment of trust fund contained adequate information to comply with notice requirements of § 6672). In addition, Appellant was provided the opportunity to protect the 1995 trust fund recovery penalty. See Entry 12-3, 16 in C/A No. 2:09-0079-MBS (In re William J. Gilliam) (December 12, 1996 letter from IRS regarding trust fund recovery penalty).[1] Therefore, it appears that Appellant received any notice due with respect to the trust fund recovery penalty for 1995. Appellant's claims are without merit.

Appellant next asserts that the bankruptcy judge erred in determining that the IRS provides notice as required by 26 U.S.C. § 6303(a), which provides:

> Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.

As the bankruptcy judge found, IRS transcripts for the 1993, 1995, and 1997 taxes and the trust fund recovery penalty for 1995 indicated that the statutory notices of balances due were

---

[1] It is not clear whether the IRS was even required to provide notice to Appellant regarding the 1995 trust fund penalty. Congress amended § 6672 in 1996 to require the IRS to issue a preliminary notice to the taxpayer before imposing an assessment. Riley v. United States, 118 F.3d 1220, 1222 (8th Cir. 1997).

provided on the respective assessment dates. In addition, the IRS provided Certificates of Assessments and Payments, which are routinely used to prove that the tax assessment has in fact been made and that notice of the assessment and demand for payment have been issued. See Geisleman v. United States, 961 F.2d 1, 6 (1st Cir. 1992). Appellant contends that the transcripts relied upon by the bankruptcy judge contain "irregularities" and raise a question about the validity of the information contained in the various transcripts. However, as the bankruptcy judge noted, any irregularities appearing in the transcripts were adequately explained by Revenue Officer Gregory Yarborough in his declaration. See Entry 6-19, 21-24. Appellant's contention is without merit.

Appellant next argues that the IRS released its notices of tax lien and lost priority to GEFT's lien. As the bankruptcy judge noted, however, there is no evidence that the IRS released notices of tax lien with respect to Appellant's income tax liability for 1997 or the trust fund recovery penalty for the period ending June 30, 1995. The total for these two liens exceeded $275,000 by May 2007, which amount is in excess of the $100,000 in issue. Appellant's argument is not material to the priority dispute between the IRS liens for 1997 and the trust fund recovery penalty for 1995 on one hand and GEFT's purported lien on the other.

Appellant asserts that the applicable ten year statute of limitations bars the IRS's administrative collection action. The court disagrees.

Title 26, United States Code, Section 6502 provides, in relevant part:

(a) Length of period.--Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun–

(1) within 10 years after the assessment of the tax . . . .

12

Further, Title 26, United States Code, Section 6503(h) provides, in relevant part:

(h) Cases under title 11 of the United States Code.--The running of the period of limitations provided in section . . .6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and–

(1) for assessment, 60 days thereafter, and
(2) for collection, 6 months thereafter.

As the record demonstrates, Appellant filed three bankruptcies: In re William Jeffrey Gilliam, 2:96-BK-76468 (Bankr. D.S.C.) (filed July 8, 1996); In re William J. Gilliam, 1:00-BK-11820 (Bankr. N.D. Cal.) (filed July 31, 2000); In re William Jeffrey Gilliam, 4:04-BK-42153 (Bankr. N.D. Cal.) (filed April 19, 2004). The bankruptcy judge determined that the filing of these three bankruptcy actions tolled the ten year collection statute until at least July 2010 for tax year 1993.

Appellant contends that only the bankruptcy petition filed in July 2000 served to toll the ten-year limitations period. According to Appellant, the IRS was not prevented with regard to him individually from "making the assessment or from collecting by levy or a proceeding in court." Appellant contends that as long as there is post-petition income or possibility thereof, levy is available. Stated differently, Appellant asserts that the IRS was not barred from collecting via levy from property acquired post-petition, so that the limitations period does not apply. In Severo v. C.I.R., 129 T.C. 129, 174 (U.S. Tax Ct. 2007), the petitioners asserted that § 6503(h)(2) did not suspend the collection period of limitations as to the petitioners' post-petition assets, so that the ten-year collection period was not tolled by their bankruptcy proceeding. However, the United States Tax Court determined that the automatic stay mandated by 11 U.S.C. § 362 prevented the IRS from collecting any of petitioners' assets during the bankruptcy proceeding. The Tax Court determined

13

that, as a result, the collection period of limitations was suspended even as to the petitioner's post-petition assets.  Similarly, in <u>United States v. Doe</u>, 438 F. Supp. 2d 796, 802-03 (S.D. Ohio 2006), the district court determined that the plain meaning of § 6503(h) indicates that it applies to the period in which the IRS is prohibited from attempting to collect by operation of the automatic stay or other order of the bankruptcy court, regardless of the location or availability of assets and property the debtor may later acquire.  Appellant's contention is without merit.

Appellant next asserts that he has standing to challenge the liens of the IRS.  A party facing prospective injury has standing to sue where the threatened injury is real, immediate, and direct. <u>Jones v. Sears Roebuck & Co.</u>, 301 F. App'x 276, 287 (4th Cir. 2008) (quoting <u>Davis v. Fed. Election Comm'n</u>, 128 S. Ct. 2759 (2008)).  A threatened injury must be "certainly impending" to constitute injury in fact.  <u>Id.</u> (citing <u>Bowen v. First Family Fin. Servs., Inc.</u>, 233 F.3d 1331, 1340 (11th Cir. 2000)).

According to Appellant, the IRS failed to following its procedural requirements and cannot pursue its administrative remedies.  Therefore, the priority dispute is between Appellant and GEFT. Appellant notes that GEFT did not serve a levy upon the Chapter 7 trustee to obtain the $100,000 that, absent the IRS and SCDOR claims, otherwise would be paid directly to Appellant.  As an initial matter, the court notes that Appellant moved the bankruptcy judge to join GEFT as a party on the grounds that GEFT held a lien superior to the liens held by IRS and SCDOR.  Further, numerous rulings by the bankruptcy judge, this court, and IRS administrative agencies have upheld the validity of the IRS's tax liens.  In addition, Appellant does not dispute the validity of SCDOR's tax liens. Appellant's argument that he would receive the $100,000 held by the Chapter 7 trustee if the IRS, SCDOR, and GEFT did not possess priority over the disputed funds simply does not establish a real,

immediate, and direct injury. Appellant's contention is without merit.

As noted previously hereinabove, the bankruptcy judge determined that the IRS tax liens had priority over GEFT's claims. The bankruptcy judge noted that the 1995 trust fund recovery penalty tax and the 1997 taxes were not released and, having been filed first in time, had priority over any interest asserted by GEFT. The sums due under these two tax liens exceeded the $100,000 held by the Chapter 7 trustee. Thus, even assuming for purposes of summary judgment that GEFT holds a valid, choate lien under the Loan and Security Agreement entered into between it and Appellant, any such lien was filed subsequent to and is inferior to the 1995 trust fund recovery penalty tax and the 1997 taxes. Appellant's contentions that GEFT has a perfected security interest is not relevant to the court's determination of the issues before it, and will not be addressed.

Appellant finally asserts that he is entitled to an exemption under 26 U.S.C. § 6334(a), which provides that certain property is exempt from levy. Specifically, Appellant contends that he is entitled to an exemption for wages pursuant § 6334(a)(9), which provides:

> (9) Minimum exemption for wages, salary, and other income.--Any amount payable to or received by an individual as wages or salary for personal services, or as income derived from other sources, during any period, to the extent that the total of such amounts payable to or received by him during such period does not exceed the applicable exempt amount determined under subsection (d).

According to Appellant, the payments allocated to him by the Chapter 7 trustee were based upon Appellant's services, and that he is entitled to an exemption of $183,000. However, as the bankruptcy judge properly noted, the nature of the adversary proceeding was to determine the relative priority of competing liens on the $100,000 held by the Chapter 7 trustee. Any argument asserted by Appellant that the funds are exempt pursuant to § 6334(a)(9) is not relevant to the specific issue before the court. Further, the record demonstrates that Appellant reported income in

the following amounts for tax years 2004 through 2006: $72,000 (2004), 485,000 (2005), and $65,000 (2006). There is no evidence that his income was subject to a levy. Therefore, Appellant is not entitled to claim an exemption under § 6334(a)(9). Appellant's assertion is without merit.

## II. <u>CONCLUSION</u>

The court has thoroughly reviewed the record and the bankruptcy judge's decision. The court discerns no clear error with respect to the bankruptcy judge's findings of fact. The court further has reviewed the bankruptcy judge's conclusions of law de novo. Construing the facts and the reasonable inferences drawn therefrom in the light most favorable to Appellant, the court concludes that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. The bankruptcy judge's order granting summary judgment in favor of the IRS is **affirmed**.

**IT IS SO ORDERED**.


/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

March 31, 2010.